IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES CHRISTOPHER DEANGELO,  :
:
      Plaintiff,  :
:
  v.  :  Civil Action No. 04-254-JJF
:
M. JANE BRADY, CYNTHIA R.  :
KELSEY, RICHARD R. COOCH,  :
DANIEL R. MILLER, KEVIN  :
O'CONNELL, JOHN J. DUFFY,  :
and PATRICK J. REDMOND,  :
:
      Defendants.  :

James Christopher DeAngelo, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 15, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Plaintiff, James Christopher DeAngelo, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. BACKGROUND

The following facts are alleged in Plaintiff's Complaint. On April 26, 1999, Plaintiff was indicted by a grand jury in the Superior Court of Delaware on one count of murder in the first degree and on one count of possession of a deadly weapon during the commission of a felony. The charges stemmed from a murder that occurred in October 1990.

Plaintiff's counsel included Defendants O'Connell and Duffy, who were assisted by Defendant Redmond, (collectively, "the Counsel Defendants"), all private attorneys. In December 1999, the Counsel Defendants filed a motion to dismiss based upon the delay between the murder and the indictment. That motion was subsequently withdrawn.

On May 3, 2000, a jury found Plaintiff guilty of second degree murder and possession of a deadly weapon during the commission of a felony. Plaintiff was sentenced to consecutive sentences of 15 years for each offense.

In July 2000, the Counsel Defendants filed a notice of appeal but allegedly refused to discuss the case with Plaintiff.

1

Plaintiff, acting pro se, filed a motion to vacate his conviction for possession of a deadly weapon during the commission of a felony based upon the running of the statute of limitations. Defendant Judge Cooch notified Plaintiff that the court would not consider his motion because his conviction was on appeal. The Delaware Supreme Court, however, took Plaintiff's motion into consideration. While this was the basis for their earlier motion to dismiss, the Counsel Defendants claimed that they had previously failed to recognize the issue. On appeal, the Delaware Supreme Court concluded that the charge against Plaintiff for possession of a deadly weapon during the commission of a felony was time barred and remanded the case to the Superior Court to re-sentence Plaintiff.

## II.  PLAINTIFF'S CONTENTIONS

By his Complaint, Plaintiff alleges that Defendants Brady and Kelsey maliciously prosecuted him by obtaining an indictment for possession of a deadly weapon during the commission of a felony after the statute of limitations had expired. Plaintiff further alleges that Defendants Kelsey and Miller abused process by prosecuting him on this charge and that Defendant Cooch abused process by allowing the prosecution to go forward. The Counsel Defendants, according to Plaintiff, conspired with Defendants Brady, Kelsey, Miller, and Cooch to convict Plaintiff of this offense. Plaintiff contends that all Defendants' actions

violated his rights to due process, equal protection, and effective assistance of counsel.

### III. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process.  First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915.  In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $7.33.  Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1]  If the Court finds Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

### IV. DISCUSSION

    A.   <u>Whether Plaintiff's Claims Against Attorney General Brady, Deputy Attorney General Kelsey, And Deputy Attorney General Miller Should Be Dismissed Due To Prosecutorial Immunity</u>

Defendants Brady, Kelsey, and Miller are immune from liability, and therefore, Plaintiff's claims against them must be dismissed. The United States Supreme Court has held that prosecutors are absolutely immune from suits for monetary damages "in initiating a prosecution and in presenting the State's case." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Such immunity cannot be overcome by allegations of malice. Id. at 427.

Plaintiff alleges that Defendants Brady, Kelsey, and Miller maliciously prosecuted Plaintiff and abused process in order to obtain a conviction for a crime barred by the statute of limitations. While Plaintiff alleges that these Defendants "recklessly disregarded" his rights, the actions of which Plaintiff complains clearly fall within the scope of prosecutorial immunity. Accordingly, the Court concludes that Plaintiff's claims against Defendants Brady, Kelsey, and Miller lack an arguable basis in law or fact, and therefore, the Court will dismiss the claims.

> B. **Whether Plaintiff's Claim Against Judge Cooch Should Be Dismissed Due To Judicial Immunity**

Plaintiff's claim against Judge Cooch must also fail due to his immunity from liability. The United States Supreme Court has held that judges are immune from suit and that such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity can be overcome, however, if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." Gallas v. Supreme Court, 211 F.3d 760, 768-69 (3d Cir. 2000)(quoting Mireles, 502 U.S. at 12).

Plaintiff alleges that Judge Cooch violated Plaintiff's due process and equal protection rights by allowing the prosecution for possession of a deadly weapon during the commission of a felony to go forward. However, nothing in Plaintiff's Complaint indicates that Judge Cooch was acting outside the scope of his judicial capacity or in the absence of all jurisdiction. Accordingly, the Court concludes that Plaintiff's claim against Judge Cooch lacks an arguable basis in law or fact, and therefore, the Court will dismiss the claim.

> C. **Whether Plaintiff's Claims Against Defendants O'Connell, Duffy, And Redmond Should Be Dismissed For Failure To State A Claim Under Section 1983**

Finally, Plaintiff's claims against the Counsel Defendants must fail because Plaintiff has not established a claim against them under Section 1983. In order to establish a claim under

6

Section 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived the plaintiff of a federally secured right. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Defense counsel performing the traditional role of an attorney in criminal proceedings does not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). This is true whether defense counsel is a public defender, court-appointed counsel, or privately retained. Id.

Plaintiff alleges that the Counsel Defendants conspired with Defendants Brady, Kelsey, Miller, and Cooch to convict Plaintiff of possession of a deadly weapon during the commission of a felony. While Plaintiff is not clear about whether the Counsel Defendants were privately retained or court-appointed, the Counsel Defendants did not act under color of state law, and therefore, cannot be liable under Section 1983. Accordingly, the Court concludes that Plaintiff's claims against the Counsel Defendants lack an arguable basis in law or fact, and therefore, the Court will dismiss them.

V. **Conclusion**

For the reasons discussed, Plaintiff's Complaint (D.I. 2) will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

An appropriate Order will be entered.

7