NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5325
_____

JAMES CHRISTOPHER DEANGELO,

Appellant
v.

ATTORNEY GENERAL M. JANE BRADY;
CYNTHIA R. KELSEY, Deputy Attorney General;
SUPERIOR CT JUDGE RICHARD R. COOCH;
DANIEL R. MILLER, Deputy Attorney General;
KEVIN J. O'CONNELL; JOHN J. DUFFY;
PATRICK J. REDMOND
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-cv-00254)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)


Before: BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: June 19, 2006)
_____

OPINION
_____

PER CURIAM

James Christopher DeAngelo, pro se, appeals an order of the United States District

Court for the District of Delaware dismissing his civil rights Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DeAngelo filed a civil rights complaint claiming that the Attorney General and his Deputies abused process and maliciously prosecuted him in order to obtain a conviction on a weapons offense that was barred by the applicable statute of limitations. He alleges that the trial judge violated his due process and equal protection rights by allowing the time-barred prosecution to proceed. He asserted that defense counsel conspired with the Attorney General, his deputies, and the trial judge to convict him of the time-barred weapons offense. He sought damages.

The District Court dismissed the complaint sua sponte as frivolous. The District Court held that the Attorney General and Deputy Attorneys General were absolutely immune from suit for monetary damages because their alleged actions were within the scope of the function of "initiating a prosecution and presenting the State's case" under Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The District Court determined that trial Judge Cooch enjoyed absolute judicial immunity from suit because none of the allegations indicated that the judge acted outside the scope of his judicial authority or in the absence of all jurisdiction. As for the allegations against criminal defense counsel, the District Court ruled that these defendants were not "state actors" for § 1983 purposes under Polk County v. Dodson, 454 U.S. 312, 317 n. 4 (1991) (holding that a public defender is not a state actor for § 1983 purposes "when performing the traditional functions of counsel to a criminal defendant"). Thus, defendants were not liable under §

1983.  DeAngelo timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  DeAngelo has been granted leave to proceed in forma pauperis on appeal.  We must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them.  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  As discussed further below, we will dismiss this appeal pursuant to § 1915(e)(2)(B)(i).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We find that DeAngelo's complaint failed to state a claim substantially for the same reasons set forth in the District Court's Opinion.[1]  State action is a prerequisite to liability under 42 U.S.C. § 1983.  "[T]he deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  This requirement means that the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988) (quoting U.S. v. Classic, 313 U.S. 299 (1941)).  It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Here, as in Polk County, the allegations pertain to defense counsel's performance of traditional attorney functions vis-

---

[1] We agree with the District Court's reasoning and conclusion with respect to absolute judicial and prosecutorial immunity and will not discuss it further.

a-vis DeAngelo as a criminal defendant, and thus, the defendants are not "state actors" for § 1983 purposes.

DeAngelo also alleged a conspiracy among defense counsel, the judge, and the Attorney General and his Deputies. Defense counsel could be liable under § 1983 if they conspired with state officials to deprive Deangelo of his constitutional rights. See Tower v. Glover, 467 U.S. 914 (1984). However, "[i]t is a longstanding rule in the Third Circuit that a mere general allegation . . . or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d. Cir. 1991). Here, we conclude that the allegations in the complaint and all reasonable inferences drawn therefrom fail to state a conspiracy claim. Notably, DeAngelo's conspiracy claims lack supporting allegations of an agreement among defense counsel, the judge, and the Attorney General and his Deputies, as well as the basis for alleging participation with regard to each individual. Nor can we reasonably infer from the allegations that the defendants had the requisite intent to deprive DeAngelo of a constitutional right.

DeAngelo's complaint does not state a claim upon which relief can be granted under § 1983. This Court is required to dismiss an in forma pauperis appeal under 28 U.S.C. § 1915(e)(2)(B)(I) where none of the legal points is arguable on its merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). DeAngelo has no arguable legal basis upon which to appeal the District Court's order. His appeal, therefore, will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The State Appellees' motion for summary affirmance and the Appellant's motion for stay of the briefing schedule are denied as moot.